**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC </br></br>and</br></br>LOCATION BASED SERVICES LLC,</br></br>    Plaintiffs/Counterdefendant,</br></br>v.</br></br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC,</br></br>    Defendant/Counterclaimant. | CASE NO. 4:08 CV 00822</br></br>JUDGE JOHN R. ADAMS</br></br></br></br></br></br>**JURY TRIAL DEMANDED** |

**ANSWER AND COUNTERCLAIM**

    Defendant AT&T Mobility LLC f/k/a Cingular Wireless LLC ("AT&T Mobility") by and through its counsel, hereby answers the Complaint for Patent Infringement ("Complaint") of EMSAT Advanced Geo-Location Technology, LLC ("EMSAT") and Location Based Services LLC ("LBS") (collectively, "Plaintiffs") as follows:

**INTRODUCTION**

    1.    AT&T Mobility admits that this action is based upon the alleged infringement of certain U.S. patents, but denies that it has infringed such patents. AT&T Mobility further admits that Sygnet Communications, Inc., was acquired in 1998 by a subsidiary of another wireless carrier. AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 1 of the Complaint, and on that basis denies such allegations.

## THE PARTIES

2. AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis denies such allegations.

3. AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Complaint, and on that basis denies such allegations.

4. AT&T Mobility admits the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. AT&T Mobility admits that in its Complaint, Plaintiffs purport to assert claims of patent infringement under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* AT&T Mobility denies all liability to Plaintiffs under these claims.

6. AT&T Mobility admits that the Court has subject matter jurisdiction over Plaintiffs' claims for patent infringement, although (as described in further detail below) AT&T Mobility contends that those claims are barred, in whole or in part, by 28 U.S.C. § 1498, and that Plaintiff should have brought its action in the U.S. Court of Federal Claims against the United States.

7. AT&T Mobility admits that this Court has personal jurisdiction over AT&T Mobility for purposes of Plaintiffs' claims for patent infringement, although (as described in further detail below) AT&T Mobility contends that those claims are barred, in whole or in part, by 28 U.S.C. § 1498, and that Plaintiff should have brought its action in the U.S. Court of Claims against the United States. AT&T Mobility denies that it has committed any acts of patent infringement in this judicial district or otherwise. AT&T Mobility further denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. AT&T Mobility admits that venue is proper in this judicial district, but denies that it has committed any acts of patent infringement in this judicial district or otherwise. AT&T Mobility denies the remaining allegations contained in Paragraph 8 of the Complaint.

## BACKGROUND

9. AT&T Mobility admits the allegations in Paragraph 9 of the Complaint.

10. AT&T Mobility admits that the cellular telephone industry has grown since the early 1990s.  AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 10 of the Complaint, and on that basis denies such allegations.

11. AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint, and on that basis denies such allegations.

12. AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint, and on that basis denies such allegations.

13. AT&T Mobility admits that in 1996, the Federal Communications Commission ("FCC") issued a "Report and Order and Further Notice of Rulemaking" relating to Enhanced 911 ("E911") services.  AT&T Mobility further admits that this "Report and Order and Further Notice of Rulemaking" referenced a "Phase Two."  AT&T Mobility states that the FCC's "Report and Order and Further Notice of Rulemaking" is the best evidence of the contents therein.  AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13 of the Complaint, and on that basis denies such allegations.

14. AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint, and on that basis denies such allegations.

15. AT&T Mobility denies the allegations contained in Paragraph 15 of the Complaint.

## COUNT I – INFRINGEMENT OF THE '611 PATENT

16. AT&T Mobility repeats and incorporates by reference its responses to Paragraphs 1 through 15 of this Answer as if fully set forth herein.

17. AT&T Mobility denies the allegations contained in Paragraph 17 of the Complaint.

18. AT&T Mobility denies the allegations contained in Paragraph 18 of the Complaint.

19. AT&T Mobility denies the allegations contained in Paragraph 19 of the Complaint.

20. AT&T Mobility denies the allegations contained in Paragraph 20 of the Complaint.

## COUNT II – INFRINGEMENT OF THE '404 PATENT

21. AT&T Mobility repeats and incorporates by reference its responses to Paragraphs 1 through 15 of this Answer as if fully set forth herein.

22. AT&T Mobility denies the allegations contained in Paragraph 22 of the Complaint.

23. AT&T Mobility denies the allegations contained in Paragraph 23 of the Complaint.

24. AT&T Mobility denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT III – INFRINGEMENT OF THE '822 PATENT

25. AT&T Mobility repeats and incorporates by reference its responses to Paragraphs 1 through 15 of this Answer as if fully set forth herein.

26. AT&T Mobility denies the allegations contained in Paragraph 26 of the Complaint.

27. AT&T Mobility denies the allegations contained in Paragraph 27 of the Complaint.

28. AT&T Mobility denies the allegations contained in Paragraph 28 of the Complaint.

## COUNT IV – INFRINGEMENT OF THE '763 PATENT

29. AT&T Mobility repeats and incorporates by reference its responses to Paragraphs 1 through 15 of this Answer as if fully set forth herein.

30. AT&T Mobility denies the allegations contained in Paragraph 30 of the Complaint.

31. AT&T Mobility denies the allegations contained in Paragraph 31 of the Complaint.

32. AT&T Mobility denies the allegations contained in Paragraph 32 of the Complaint.

## NOTICE OF PUBLISHED PATENT APPLICATION

AT&T Mobility states that no answer to Paragraphs 33 through 37 of the Complaint under the caption Notice of Published Patent Application or any of the allegations contained therein is required of AT&T Mobility for the reason that it has filed contemporaneously herewith a Motion To Dismiss Or, In The Alternative, To Strike Paragraphs 33 Through 37 Of The Complaint.

## SEPARATE DEFENSES

AT&T Mobility hereby asserts the following separate defenses to the claims and allegations contained in the Complaint, without admitting or acknowledging that AT&T Mobility bears the burden of proof as to any of them.  AT&T Mobility reserves the right to assert additional defenses and/or supplement existing defenses based upon information learned or developed through discovery, trial or otherwise, including but not limited to the defenses of inequitable conduct, patent misuse, and unclean hands.

### First Defense
### (Failure to State a Claim)

1.      Plaintiffs' claims for alleged infringement of U.S. Patent Nos. 5,946,611 ("the '611 Patent"), 6,324,404 ("the '404 Patent"), 6,847,822 ("the '822 Patent"), and 7,289,763 ("the '763 Patent") (collectively, the "patents-in-suit") fail to state a claim upon which relief can be granted.

## Second Defense
### (Non-Infringement)

2.      AT&T Mobility does not directly infringe, contributorily infringe, or induce the infringement of any valid and enforceable claim of the patents-in-suit, and has not directly infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the patents-in-suit.

## Third Defense
### (Invalidity)

3.      The claims of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent are invalid for failing to meet one or more of the conditions for patentability, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 120, and/or 132.

## Fourth Defense
### (Laches)

4.      Upon information and belief, some or all of Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## Fifth Defense
### (Statute of Limitations)

5.      To the extent that Plaintiffs assert claims and/or request damages for alleged infringement occurring more than six years prior to the filing of this action, such claims and relief are barred by the applicable statute of limitations, 35 U.S.C. § 286.

## Sixth Defense
### (Notice – 35 U.S.C. § 287)

6.      Plaintiffs' claims for damages for patent infringement are barred, in whole or in part, by 35 U.S.C. § 287(a).

## Seventh Defense
### (Prosecution History Estoppel)

7. By reason of statements and/or claim amendments made by or on behalf of the applicants during the prosecution of the applications that led to the issuance or one or more of the patents-in-suit, Plaintiffs are estopped from asserting a scope for the claims of the patents-in-suit that would cover AT&T Mobility's allegedly infringing products or services.

## Eighth Defense
### (28 U.S.C § 1498)

8. Plaintiffs' claims and prayer for relief in this action are barred, in whole or in part, by 28 U.S.C. § 1498, because one or more of the allegedly infringing products or services are used or manufactured for the Government with the authorization and consent of the Government, including but not limited to in furtherance and fulfillment of the FCC's E911 requirements.

## COUNTERCLAIM

Defendant/counterclaimant AT&T Mobility LLC, formerly known as (f/k/a) Cingular Wireless, LLC ("AT&T Mobility"), by and through its attorneys, brings the following counterclaim against plaintiffs/counterdefendants EMSAT Advanced Geo-Location Technology, LLC ("EMSAT") and Location Based Services LLC ("LLC") (collectively, "Plaintiffs"):

## PARTIES

1. AT&T Mobility is a Delaware limited liability company. AT&T Mobility's principal place of business is 5565 Glenridge Connector, Atlanta, Georgia 30342.

2. Upon information and belief, EMSAT is a Nevada limited liability company with a principal place of business in Loveland, Ohio.

3. Upon information and belief, LBS is a Delaware limited liability company with a principal place of business in Newport Beach, California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

5. Plaintiffs are subject to the personal jurisdiction of this Court, including without limitation because they have availed themselves of the protection of this judicial district by bringing the present action against AT&T Mobility here.

6. The minimum requisites for venue under 28 U.S.C. § 1391 exist in this judicial district, but venue is more properly established in a judicial district that would better serve the convenience of parties and witnesses and the interests of justice.

## COUNT I
### (Declaratory Judgment of Non-Infringement)

7. AT&T Mobility hereby realleges and incorporates by reference Paragraphs 1 through 6 of its Counterclaim as if set forth fully herein.

8. In this action, Plaintiffs have asserted that AT&T Mobility has infringed and is contributing to the infringement of, and/or inducing the infringement of one or more claims of U.S. Patent Nos. 5,946,611 ("the '611 Patent"), 6,324,404 ("the '404 Patent"), 6,847,822 ("the '822 Patent"), and 7,289,763 ("the '763 Patent").

9. AT&T Mobility has not infringed and does not infringe any valid and enforceable claim of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent, either literally or under the doctrine of equivalents.

10. AT&T Mobility has not induced, and does not now induce, infringement of any valid and enforceable claim of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent, either literally or under the doctrine of equivalents.

11. AT&T Mobility has not contributorily infringed, nor does it now contributorily infringe, any valid and enforceable claim of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent, either literally or under the doctrine of equivalents.

12. An actual controversy exists between Plaintiffs and AT&T Mobility regarding infringement of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent.

13.     AT&T Mobility is entitled to a declaratory judgment that it has not and does not directly, contributorily, or by inducement, infringe any valid and enforceable claim of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent.

14.     Upon information and belief, absent a declaration of non-infringement by this Court, Plaintiffs have and will continue to wrongfully assert the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent against AT&T Mobility, thereby causing AT&T Mobility irreparable injury and damage.

### COUNT II
### (Declaratory Judgment of Invalidity)

15.     AT&T Mobility hereby realleges and incorporates by reference Paragraphs 1 through 14 of its Counterclaim as if set forth fully herein.

16.     In this action, Plaintiffs have asserted that AT&T Mobility has infringed and is contributing to the infringement of, and/or inducing the infringement of one or more claims of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent.

17.     All claims of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent are invalid for failing to meet one or more of the conditions for patentability, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 120, and/or 132.

18.     An actual controversy exists between Plaintiffs and AT&T Mobility regarding validity of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent.

19.     AT&T Mobility is entitled to a declaratory judgment that the claims of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent are invalid and void.

20.     Upon information and belief, absent a declaration of invalidity by this Court, Plaintiffs have and will continue wrongfully to assert the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent against AT&T Mobility, thereby causing AT&T Mobility irreparable injury and damage.

## PRAYER FOR RELIEF

WHEREFORE, AT&T Mobility prays that the Court grant the following relief in its favor and against EMSAT and LBS:

1. Dismissal of Plaintiffs' Complaint with prejudice, and declaring that Plaintiffs' shall take nothing by way of its Complaint;

2. Entry of judgment declaring that the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent are not infringed by AT&T Mobility;

3. Entry of judgment declaring that the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent are invalid and unenforceable;

4. Ordering that Plaintiffs, their agents, and all persons acting in concert or participation with them, be enjoined from charging infringement or instituting any further action for infringement of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent against AT&T Mobility;

5. Determining that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding AT&T its attorneys' fees and expenses incurred in this action;

6. Awarding AT&T Mobility's costs incurred in this action; and

7. Such other and further relief as the Court may deem fair and just.

## JURY DEMAND

AT&T Mobility hereby demands a trial by jury on all issues so triable pursuant to the Sixth Amendment of the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 25, 2008.                    By: */s/ Charles B. Lyon*
    Charles B. Lyon (0019668)
    clyon@calfee.com
    Virginia Davidson (0025773)
    vdavison@calfee.com
    Nenad Pejic (0066347)
    npejic@calfee.com
    Jennifer B. Wick (0074340)

jwick@calfee.com
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Suite 1400
Cleveland, Ohio 44114
Phone: (216) 622-8200
Fax: (216) 241-0816

William H. Baumgartner, Jr. (*pro hac vice*)
wbaumgartner@sidley.com
Christopher B. Seaman (*pro hac vice*)
cseaman@sidley.com
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

*Attorneys for Defendant AT&T Mobility LLC*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing Answer was filed electronically this 25th day of July, 2008. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

> */s/ Charles B. Lyon*
> One of the Attorneys for Defendant