UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC<br><br>and<br><br>LOCATION BASED SERVICES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC,<br><br>Defendant. | CASE NO. 4:08-CV-00822<br><br>JUDGE JOHN R. ADAMS |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE PARAGRAPHS 33 THROUGH 37 OF THE COMPLAINT**

Plaintiffs Emsat Advanced Geo-Location Technology, LLC ("Emsat") and Location Based Services, LLC ("LBS"), by their attorneys, oppose Defendant AT&T Mobility LLC's ("AT&T") motion to dismiss or, in the alternative, to strike paragraphs 33 through 37 of Plaintiffs' complaint.

**BACKGROUND**

As part of their Complaint for patent infringement, Plaintiffs included a section with the caption "Notice of Published Patent Application." The section provided AT&T with notice of U.S. Patent Application Publication No. 2008/0014965 A1 ("the '965 Publication"), Ex. 1[1]. The '965 Publication is a divisional application of U.S. Patent No. 7,289,763, Ex. 2, which is a divisional application of U.S. Patent No. 6,847,822, Ex. 3, which is a continuation of U.S. Patent

No. 6,324,404, Ex. 4.  (*See* '965 Publication, cover page, Ex. 1).  Each of the foregoing patents is asserted against AT&T in Plaintiffs' Complaint.

A divisional application is a continuing application that is based on a parent application and has the same specification except that the claims differ.  *Patent Law and Practice,* Third Edition, Schwartz, Herbert F., 2001, Ex. 5, p. 26.  The application is entitled to the parent's filing date for all purposes.  *Id.*  A continuation application is an application whose specification is the same as that of the parent application, but whose claims may be the same or different from those of the parent application.  *Id.* at 24.  A continuation application is entitled to the parent's filing date as to all subject matter contained in it.  *Id.* at 24-25.

The '965 Publication is indirectly related to the fourth patent, U.S. Patent No. 5,946,611 ("the '611 patent," Ex. 6), being asserted against AT&T.  The '965 Publication claims priority to some of the same patent applications as the '611 patent, including U.S. Patent No. 5,235,633, Ex. 7, which was filed on December 26, 1991.

Plaintiffs included notice of the '965 Publication in the Complaint for two reasons:  (i) to comply with the notice provision of 35 U.S.C. § 154 (d) and (ii) to inform AT&T and the Court well in advance that Plaintiffs may seek to amend their Complaint once the '965 Publication issues as a patent.

Section 154 provides that "a patent shall include the right to obtain a reasonable royalty from any person who, during the period beginning on the date of publication of the application for such patent . . . and ending on the date the patent is issued" makes, uses, offers for sale, or

---

[1] For each of the U.S. patents cited only the cover page has been included as an exhibit.  Complete copies of the patents are unnecessary to decide AT&T's motion.  If the Court would like complete copies, Plaintiffs would be happy to file them upon request.

Akr - 155478.1                                        2

sells the invention as claimed in the published patent application <u>and "had actual notice of the published patent application . . ."</u> 35 U.S.C. § 154(d)(1)(A)(i) and (B) (emphasis added).

As reported in AT&T's motion, on July 16, 2008, William H. Baumgartner, Jr., counsel for AT&T, contacted plaintiffs' counsel, R. Eric Gaum. Mr. Baumgartner informed Mr. Gaum of AT&T's position related to the '965 Publication. Mr. Gaum explained that the section was intended to comply with the notice requirement of 35 U.S.C. § 154(d) and to provide AT&T and the Court advance notice that Plaintiffs may seek to amend their Complaint. Mr. Gaum indicated that in four other related complaints, which included an almost identical notice section, each defendant simply indicated that no response was required because a patent had not yet issued. Mr. Gaum then asked that Mr. Baumgartner to explain the basis for AT&T's concerns. Mr. Baumgartner indicated that AT&T was concerned that the notice section would increase the scope of discovery. After further discussion about limiting the scope of discovery permitted by Plaintiffs, Mr. Gaum asked if AT&T would agree to reciprocal limitations and agree not to conduct discovery related to the '965 Publication. This had obviously not occurred to Mr. Baumgartner as his response was "That's a good point." Mr. Gaum then suggested that Mr. Baumgartner think about the situation and get back to him. Instead of calling Mr. Gaum to discuss the matter further, AT&T filed the instant motion.

The '965 Publication has the same specification and drawings as three of the asserted patents and overlapping subject matter and drawings with the fourth. It is directly related to the present controversy and AT&T has already confirmed that the '965 Publication will likely be the subject of discovery.

**STANDARD**

Rule 12(b)(6) provides as a defense to a claim for relief in any pleading the parties' "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The rule by its own terms, however, is directed towards claims for relief in a pleading, not potentially objectionable text.

Rule 12(f) authorizes a court "to strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike "should be denied unless the allegations have <u>no possible relation to the controversy and may cause prejudice to one of the parties.</u>" *Huckleberry v. Kellogg Company*, 2008 U.S. Dist. LEXIS 20148, 4-5 (S.D. Ohio March 14, 2008) (emphasis added). Furthermore, motions to strike are generally disfavored. *Gen. Elec. Capital Corp. v. Lanmann*, 2006 U.S. Dist. LEXIS 50291, 4 (S.D. Ohio July 24, 2006).

**ARGUMENT**

AT&T's arguments ignore the very case law it cites in support of its motion. AT&T complains that (i) the Complaint fails to state a valid claim because no patent has issued from the '965 Publication; (ii) that Plaintiffs cannot sue AT&T for infringement until a patent application issues as a patent; and (iii) that Plaintiffs are not entitled to a reasonable royalty based on their provisional rights because the patent application has not issued as a patent. However, none of these reasons justify dismissing or striking the '965 Publication section from Plaintiffs' Complaint.

*Motion To Dismiss Under Rule 12(b)(6)*

The Complaint does not fail to state a valid claim. To the contrary, it states four separate and valid claims for infringement of the '763, '822, '611, and the '404 patents. Paragraphs 33

through 37 of Plaintiffs' Complaint do not state a claim. They were never intended to state a claim, which is why the caption does not read "Count V." Because the paragraphs are not "a claim for relief, Rule 12(b)(6) is inapplicable.

*Motion To Strike Under Rule 12(f)*

The *Huckleberry* case out of the S.D. of Ohio, and cited by AT&T, states that motions to strike "should be denied unless the allegations have no possible relation to the controversy and may case prejudice to one of the parties." *Huckleberry*, 2008 U.S. Dist. LEXIS at 5 (emphasis added).

There can be no doubt that paragraphs 33 through 37 of the Complaint have more than a possible relation to the controversy. The '965 Publication is directly related to the patents in suit. Furthermore, AT&T's counsel would not agree to a reciprocal arrangement when he wanted to limit the scope of discovery related to the '965 Publication. In three of the five related cases brought by Plaintiffs, the defendants have already served discovery requests directed in part towards the '965 Publication. Although not being asserted at this time – because it has not yet issued as a patent – AT&T cannot argue that the '965 Publication has "no possible relation to the controversy." Nor has AT&T even once argued that having paragraphs 33 through 37 in the Complaint may cause them prejudice.

Because AT&T has not addressed whether the allegations in paragraphs 33 through 37 have no possible relation to the controversy and may cause prejudice to one of the parties, the Court should find, just as the *Huckleberry* court did, that AT&T has not met its burden to show that these paragraphs must be struck from the Complaint.

## **CONCLUSION**

For the foregoing reasons, the Court should deny AT&T's motion to dismiss or, in the alternative, strike paragraphs from the Complaint.

Respectfully submitted,

 /s/  R. Eric Gaum
Michael J. Garvin (0025394)
R. Eric Gaum (0066573)
Robert J. Diaz (0077232)

HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio  44114-2301
Tel:  216-621-0150
Fax:  216-241-2824

Attorneys for Plaintiffs Emsat Advanced Geo-Location Technology, LLC and Location Based Services LLC

CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/  R. Eric Gaum
One of the Attorneys for Plaintiffs
Emsat Advanced Geo-Location Technology,
LLC and Location Based Services LLC