## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC | ) CASE NO. 4:08 CV 00822 )<br>) JUDGE JOHN R. ADAMS |
| and | ) |
| LOCATION BASED SERVICES LLC, | ) |
| Plaintiffs/Counterdefendant, | ) |
| v. | ) |
| AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC | ) |
| Defendant/Counterclaimant. | ) |

**REPLY OF DEFENDANT AT&T MOBILITY LLC IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE PARAGRAPHS 33 THROUGH 37 OF THE COMPLAINT**

Plaintiffs' Complaint asserts that AT&T Mobility "has infringed and is continuing to infringe, contribute to the infringement of, and/or induce the infringement of, one or more claims of the '965 Publication, all without the consent or authorization of Plaintiffs." (Compl. ¶ 35.) As a matter of law, this claim is wholly baseless, because the '965 Publication is a *patent application*, not an issued patent. As the Federal Circuit has explained, "of course suit can not be brought for infringement of a patent that has not issued." *Amgen, Inc. v. Genetics Institute, Inc.*, 98 F.3d 1328, 1332 (Fed. Cir. 1996). Applied to the present case, this rule makes perfect sense, because one can only speculate as to whether a patent will ever issue on the pending application and, if it does, what the patent claims might cover.

In their response brief, plaintiffs admit that "Paragraphs 33 through 37" do "not state a claim." *Plaintiffs' Opposition to Defendant's Motion to Dismiss or, in the Alternative, Strike*

*Paragraphs 33 Through 37 of the Complaint* at 4-5 (Aug. 11, 2008) (Filing No. 15) (hereafter "Pl. Resp."). That admission is dispositive, because Rule 12(b)(6) empowers the Court to dismiss portions of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To be sure, plaintiffs maintain that Paragraphs 33 through 37 were "never intended to state a claim" and were included in the Complaint "for two reasons: (i) to comply with the notice provision of 35 U.S.C. § 154 (d) and (ii) to inform AT&T and the Court well in advance that Plaintiffs may seek to amend their Complaint once the '965 Publication issues as a patent." Pl. Resp. at 2 & 5. But that is not what complaints are for. The purpose of a complaint is to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not to give notice of possible *future* claims and not to provide previews of potential *future* motion practice. Tellingly, plaintiffs cite no authority for the proposition that a complaint can properly be used to notify an adversary that some future claim might possibly be asserted, or to inform the Court that some future request to amend the pleadings might possibly be made. In any event, now that plaintiffs have provided the notice that they desired, there is no reason for Paragraphs 33 through 37 to remain in the Complaint.

In addition to seeking relief under Rule 12(b)(6), AT&T Mobility also relies (in the alternative) on Rule 12(f). Plaintiffs note that a Rule 12(f) motion should not be granted unless the complaint allegations in question "may cause prejudice to one of the parties" (Pl. Resp. at 4), and they argue that there is no prejudice here. But the continued presence of Paragraphs 33 through 37 in the Complaint could well prejudice AT&T Mobility. If, for example, the Patent Office were to issue a patent on the pending application, and do so after discovery closed, plaintiffs might argue that the presence of Paragraphs 33 through 37 meant that their claim of

infringement of the newly-issued patent should be presented to the jury, and that AT&T Mobility was on notice to have taken the necessary discovery by virtue of the allegations pled in Paragraphs 33 through 37. The door to that scenario should be shut now. Unless and until a patent issues and the Court permits the addition of a claim for infringement of the newly-issued patent, there should be no infringement or validity issue in this case relating to the pending patent application. The Court should strike Paragraphs 33 through 37 so that all of the parties have a clear understanding on this point at the outset of the case.

In sum, Paragraphs 33 through 37 do not state a claim for relief (as both sides agree), and these paragraphs were not properly included in the Complaint. The paragraphs should therefore be stricken.

Respectfully submitted,

Dated: August 15, 2008.

By: /s/ *Nenad Pejic*
Charles B. Lyon (0019668)
clyon@calfee.com
Virginia Davidson (0025773)
vdavison@calfee.com
Nenad Pejic (0066347)
npejic@calfee.com
Jennifer B. Wick (0074340)
jwick@calfee.com
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Suite 1400
Cleveland, Ohio 44114
Phone: (216) 622-8200
Fax: (216) 241-0816

William H. Baumgartner, Jr. (*pro hac vice*)
wbaumgartner@sidley.com
Christopher B. Seaman (*pro hac vice*)
cseaman@sidley.com
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, Illinois 60603
Phone:  (312) 853-7000
Fax:  (312) 853-7036

*Attorneys for Defendant AT&T Mobility LLC*

**CASE AND PAGE CERTIFICATION**

Pursuant to Local Rule 7.1(f), the undersigned confirms that this case has not been assigned a track, and that this memorandum adheres to the page limitation set forth in Local Rule 7.1(f) for "unassigned" cases.

Dated:  August 15, 2008.

By:   */s/ Nenad Pejic*
Charles B. Lyon (0019668)
clyon@calfee.com
Virginia Davidson (0025773)
vdavison@calfee.com
Nenad Pejic (0066347)
npejic@calfee.com
Jennifer B. Wick (0074340)
jwick@calfee.com
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Suite 1400
Cleveland, Ohio 44114
Phone:  (216) 622-8200
Fax:  (216) 241-0816

William H. Baumgartner, Jr. (*pro hac vice*)
wbaumgartner@sidley.com
Christopher B. Seaman (*pro hac vice*)
cseaman@sidley.com
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, Illinois 60603
Phone:  (312) 853-7000
Fax:  (312) 853-7036

*Attorneys for Defendant AT&T Mobility LLC*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Reply of Defendant AT&T Mobility LLC In Support of Its Motion to Dismiss, or in the Alternative Strike, Paragraphs 33 through 37 of the Complaint* was filed electronically this 15th day of August, 2008.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

       */s/ Nenad Pejic*
One of the Attorneys for Defendant