# EXHIBIT A
# TO UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC | ) ) ) | CASE NO. 4:08 CV 00822 |
| and | ) ) | JUDGE JOHN R. ADAMS |
| LOCATION BASED SERVICES LLC, | ) ) | |
| Plaintiffs/Counterdefendant, | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, | ) ) ) | |
| Defendant/Counterclaimant. | ) | |

## AMENDED ANSWER AND COUNTERCLAIM

Defendant AT&T Mobility LLC f/k/a Cingular Wireless LLC ("AT&T Mobility") by and through its counsel, hereby answers the Complaint for Patent Infringement ("Complaint") of EMSAT Advanced Geo-Location Technology, LLC ("EMSAT") and Location Based Services LLC ("LBS") (collectively, "Plaintiffs") as follows:

## INTRODUCTION

1.       AT&T Mobility admits that this action is based upon the alleged infringement of certain U.S. patents, but denies that it has infringed such patents.  AT&T Mobility further admits that Sygnet Communications, Inc., was acquired in 1998 by a subsidiary of another wireless carrier.  AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 1 of the Complaint, and on that basis denies such allegations.

**THE PARTIES**

2.      AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis denies such allegations.

3.      AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Complaint, and on that basis denies such allegations.

4.      AT&T Mobility admits the allegations contained in Paragraph 4 of the Complaint.

**JURISDICTION AND VENUE**

5.      AT&T Mobility admits that in its Complaint, Plaintiffs purport to assert claims of patent infringement under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*  AT&T Mobility denies all liability to Plaintiffs under these claims.

6.      AT&T Mobility admits that the Court has subject matter jurisdiction over Plaintiffs' claims for patent infringement, although (as described in further detail below) AT&T Mobility contends that those claims are barred, in whole or in part, by 28 U.S.C. § 1498, and that Plaintiff should have brought its action in the U.S. Court of Federal Claims against the United States.

7.      AT&T Mobility admits that this Court has personal jurisdiction over AT&T Mobility for purposes of Plaintiffs' claims for patent infringement, although (as described in further detail below) AT&T Mobility contends that those claims are barred, in whole or in part, by 28 U.S.C. § 1498, and that Plaintiff should have brought its action in the U.S. Court of Claims against the United States.  AT&T Mobility denies that it has committed any acts of patent infringement in this judicial district or otherwise.  AT&T Mobility further denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      AT&T Mobility admits that venue is proper in this judicial district, but denies that it has committed any acts of patent infringement in this judicial district or otherwise.  AT&T Mobility denies the remaining allegations contained in Paragraph 8 of the Complaint.

## BACKGROUND

9.      AT&T Mobility admits the allegations in Paragraph 9 of the Complaint.

10.      AT&T Mobility admits that the cellular telephone industry has grown since the early 1990s.  AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 10 of the Complaint, and on that basis denies such allegations.

11.      AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint, and on that basis denies such allegations.

12.      AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint, and on that basis denies such allegations.

13.      AT&T Mobility admits that in 1996, the Federal Communications Commission ("FCC") issued a "Report and Order and Further Notice of Rulemaking" relating to Enhanced 911 ("E911") services.  AT&T Mobility further admits that this "Report and Order and Further Notice of Rulemaking" referenced a "Phase Two."  AT&T Mobility states that the FCC's "Report and Order and Further Notice of Rulemaking" is the best evidence of the contents therein. AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13 of the Complaint, and on that basis denies such allegations.

14.      AT&T Mobility lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint, and on that basis denies such allegations.

15.      AT&T Mobility denies the allegations contained in Paragraph 15 of the Complaint.

## <u>COUNT I – INFRINGEMENT OF THE '611 PATENT</u>

16.     AT&T Mobility repeats and incorporates by reference its responses to Paragraphs 1 through 15 of this Answer as if fully set forth herein.

17.     AT&T Mobility denies the allegations contained in Paragraph 17 of the Complaint.

18.     AT&T Mobility denies the allegations contained in Paragraph 18 of the Complaint.

19.     AT&T Mobility denies the allegations contained in Paragraph 19 of the Complaint.

20.     AT&T Mobility denies the allegations contained in Paragraph 20 of the Complaint.

## <u>COUNT II – INFRINGEMENT OF THE '404 PATENT</u>

21.     AT&T Mobility repeats and incorporates by reference its responses to Paragraphs 1 through 15 of this Answer as if fully set forth herein.

22.     AT&T Mobility denies the allegations contained in Paragraph 22 of the Complaint.

23.     AT&T Mobility denies the allegations contained in Paragraph 23 of the Complaint.

24.     AT&T Mobility denies the allegations contained in Paragraph 24 of the Complaint.

## <u>COUNT III – INFRINGEMENT OF THE '822 PATENT</u>

25.     AT&T Mobility repeats and incorporates by reference its responses to Paragraphs 1 through 15 of this Answer as if fully set forth herein.

26.     AT&T Mobility denies the allegations contained in Paragraph 26 of the Complaint.

27.     AT&T Mobility denies the allegations contained in Paragraph 27 of the Complaint.

28.     AT&T Mobility denies the allegations contained in Paragraph 28 of the Complaint.

## COUNT IV – INFRINGEMENT OF THE '763 PATENT

29.     AT&T Mobility repeats and incorporates by reference its responses to Paragraphs 1 through 15 of this Answer as if fully set forth herein.

30.     AT&T Mobility denies the allegations contained in Paragraph 30 of the Complaint.

31.     AT&T Mobility denies the allegations contained in Paragraph 31 of the Complaint.

32.     AT&T Mobility denies the allegations contained in Paragraph 32 of the Complaint.

## NOTICE OF PUBLISHED PATENT APPLICATION

AT&T Mobility states that no answer to Paragraphs 33 through 37 of the Complaint under the caption Notice of Published Patent Application or any of the allegations contained therein is required of AT&T Mobility for the reason that it has filed contemporaneously herewith a Motion To Dismiss Or, In The Alternative, To Strike Paragraphs 33 Through 37 Of The Complaint.

## SEPARATE DEFENSES

AT&T Mobility hereby asserts the following separate defenses to the claims and allegations contained in the Complaint, without admitting or acknowledging that AT&T Mobility bears the burden of proof as to any of them.  AT&T Mobility reserves the right to assert additional defenses and/or supplement existing defenses based upon information learned or developed through discovery, trial or otherwise, including but not limited to the defenses of inequitable conduct, patent misuse, and unclean hands.

**First Defense**
**(Failure to State a Claim)**

1.      Plaintiffs' claims for alleged infringement of U.S. Patent Nos. 5,946,611 ("the '611 Patent"), 6,324,404 ("the '404 Patent"), 6,847,822 ("the '822 Patent"), and 7,289,763 ("the '763 Patent") (collectively, the "patents-in-suit") fail to state a claim upon which relief can be granted.

**Second Defense**
**(Non-Infringement)**

2.      AT&T Mobility does not directly infringe, contributorily infringe, or induce the infringement of any valid and enforceable claim of the patents-in-suit, and has not directly infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the patents-in-suit.

**Third Defense**
**(Invalidity)**

3.      The claims of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent are invalid for failing to meet one or more of the conditions for patentability, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 120, and/or 132.

**Fourth Defense**
**(Laches)**

4.      Upon information and belief, some or all of Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**Fifth Defense**
**(Statute of Limitations)**

5.      To the extent that Plaintiffs assert claims and/or request damages for alleged infringement occurring more than six years prior to the filing of this action, such claims and relief are barred by the applicable statute of limitations, 35 U.S.C. § 286.

### Sixth Defense
### (Notice – 35 U.S.C. § 287)

6.        Plaintiffs' claims for damages for patent infringement are barred, in whole or in part, by 35 U.S.C. § 287(a).

### Seventh Defense
### (Prosecution History Estoppel)

7.        By reason of statements and/or claim amendments made by or on behalf of the applicants during the prosecution of the applications that led to the issuance or one or more of the patents-in-suit, Plaintiffs are estopped from asserting a scope for the claims of the patents-in-suit that would cover AT&T Mobility's allegedly infringing products or services.

### Eighth Defense
### (28 U.S.C § 1498)

8.        Plaintiffs' claims and prayer for relief in this action are barred, in whole or in part, by 28 U.S.C. § 1498, because one or more of the allegedly infringing products or services are used or manufactured for the Government with the authorization and consent of the Government, including but not limited to in furtherance and fulfillment of the FCC's E911 requirements.

### Ninth Defense
### (Prosecution Laches)

9.        Plaintiffs' claims are barred in whole or in part because the equitable doctrine of prosecution laches renders one or more of the patents-in-suit unenforceable.

### Tenth Defense
### (Inequitable Conduct)

### Unenforceability of '611 Patent

10.        The '611 Patent is unenforceable as a result of inequitable conduct before the United States Patent and Trademark Office ("PTO").

11.        The '611 Patent issued on August 31, 1999, from U.S. Patent Application Serial No. 08/670,281 (the "'281 Application"), which was filed with the PTO on June 21, 1996.

12.     The prosecuting attorney for the '611 Patent was Terry M. Gernstein.  Attorney Gernstein committed inequitable conduct by failing to tell the examiner that claims similar to claim 1 of the '611 Patent had been rejected by other examiners because the disclosure in the patent specification was not sufficient to support such a claim.  This information was material, because a reasonable examiner would have wanted to know that similar claims had been rejected by other examiners for lack of sufficient support in the specification.  On information and belief, attorney Gernstein intended to deceive the PTO.  The detailed basis for AT&T Mobility's claim of inequitable conduct is set forth below.

**Rejection of Claim 16 in the '884 Application Under § 112**

13.     The '281 Application is a divisional of U.S. Patent Application No. 08/555,884 ("the '884 Application").  The '884 Application was filed on October 25, 1995.

14.     As filed, the '884 Application had the same specification as the '281 Application.

15.     The '884 Application had the same prosecuting attorney, Terry M. Gernstein, as the '611 Patent.

16.     The '884 Application was assigned to Examiner Dwayne D. Bost.

17.     During prosecution of the '884 Application, attorney Gernstein sought to obtain claim 16, which read as follows:

> 16.  A method of making emergency call decisions in a cellular telephone system having a plurality of cell sites at various geographic locations and an MTSO comprising:
>
> A)  in a cellular system, placing a call requesting emergency assistance from a mobile unit;
>
> B)  determining an exact geographic location for the mobile unit requesting emergency assistance;
>
> C)  communicating the exact geographic location to an MTSO; and
>
> D)  sending the exact geographic location of the mobile unit to an emergency service.

18.     In an office action dated March 25, 1996, Examiner Bost rejected claim 16 of the '884 Application under 35 U.S.C. § 112, first paragraph, because "the specification as originally filed[] does not provide support for the invention as now claimed."  Examiner Bost stated that the only mention of "emergencies" in the specification was that "'[t]he mobile locating feature of the system <u>could be</u> important in other contexts, <u>such as</u> emergencies <u>or the like.</u>'"  Examiner Bost concluded that:

> The specification therefore, clearly does not provide support for the claimed ". . . method of making emergency call decisions . . . sending the exact geographic location of the mobile unit to an emergency service".  Figure 11A, last block merely states "if 911 emergency call, <u>send location to Bell Tel. Co.</u>" {see claim 16}.

19.     In the same office action, Examiner Bost also rejected claim 16 of the '884 Application as obvious over the Nasco, Jr. reference under 35 U.S.C. § 103.

20.     In a Response received by the PTO on April 25, 1996, attorney Gernstein canceled claim 16 without prejudice and stated that "no further comments will be directed to the issues associated with Claim 16."

21.     The '884 Application issued as U.S. Patent No. 5,546,445 on August 13, 1996.

### Rejection of Claim 16 in the '486 Reissue Application Under § 112

22.     The '611 Patent claims priority back to U.S. Patent Application Serial No. 07/813,494, which issued as U.S. Patent 5,235,633 (the "'633 Patent").

23.     The '633 Patent was submitted for reissue on November 9, 1995, and was assigned Serial No. 08/552,486 (the "'486 Reissue Application").  The '486 Reissue Application was prosecuted by attorney Gernstein, who was the same prosecuting attorney that handled the '611 Patent.

24.     The '486 Reissue Application was assigned to Examiner Dwayne D. Bost.

25.     During prosecution of the '486 Reissue Application, attorney Gernstein sought to obtain claim 16, which read as follows:

16.  The method defined in Claim 11 further including a step of using said geographic location to control emergency calls.

26.     In an office action dated September 9, 1996, Examiner Bost rejected claim 16 of the '486 Reissue Application under 35 U.S.C. § 112, first paragraph, stating:

> Claim 16 is rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to enable one skilled in the art to which it pertains, or with which it is most nearly connected, to make and/or use the invention.  Applicant claims the use of geographic location information to control emergency calls.  Applicants only mention of emergency, let alone emergency calls, is a statement at the very end of the specification which reads:
>
>> "The mobile locating feature of the system could also be important in other contexts, **such as** <u>emergencies</u> **or the like".**
>
>> This statement is extremely broad.  One of ordinary skill in the art can not begin to determined [sic] the scope of this statement let alone derive support for the using the 'geographic location information to control emergency calls'.

27.     In a Response received by the PTO on January 22, 1997, attorney Gernstein canceled claim 16 of the '486 Reissue Application.

28.     The '486 Reissue Application reissued as U.S. Patent No. RE 35,916 on October 6, 1998.

<u>**Rejection of Claim 12 of the '897 Application Under § 112**</u>

29.     U.S. Patent Application Serial No. 08/563,897 (the "'897 Application") was filed on November 22, 1995.

30.     The '897 Application had the same prosecuting attorney, attorney Gernstein, as the '611 Patent.

31.     The '897 Application is related to the '281 Application.  The '897 Application is a continuation of U.S. Patent Application Serial No. 08/402,976 (the "'976 Application").  The '976 Application is the parent application of the '884 Application, which in turn is the parent application of the '281 Application.

32.     The '897 Application was assigned to Examiner Dwayne D. Bost.

33.     During prosecution of the '897 Application, attorney Gernstein sought to obtain claim 12, which was added in a Preliminary Response received by the PTO on November 22, 1995.  Claim 12 read:

> 12.  The wireless radio communications system defined in Claim 8 further including means for notifying emergency equipment of the location of the mobile unit.

34.     In an office action dated June 10, 1996, Examiner Bost rejected claim 12 of the '897 Application under 35 U.S.C § 112, first paragraph, stating:

> The specification (which should be identical to the parent application, and its parent application) does not provide support for "The wireless radio communications system further including means for notifying emergency equipment of the location of the mobile unit".  The specification merely teaches that if there is 911 call, the location of the mobile is sent to Bell Tel. Co.

35.     In a Response received by the PTO on August 7, 1996, attorney Gernstein amended claim 12 of the '897 Application by deleting the claim language "notifying emergency equipment of" and inserting "call routing to provide proper service for the mobile unit based on."

36.     The '897 Application issued as U.S. Patent No. 5,815,814 on September 29, 1998.

### Attorney Gernstein Failed To Disclose The § 112 Rejections in the Co-Pending Application During Prosecution of the '611 Patent

37.     The '281 Application was filed on June 21, 1996, and issued as the '611 Patent on August 31, 1999.

38.     The '281 Application is related to the patent applications described above.  The '281 Application is the divisional of the '884 Application.  The '281 Application claims priority back to the '633 Patent, which was submitted for reissue in the '486 Reissue Application. Finally, the '281 Application is a member of the same family as the '897 Application, since the '897 Application is a continuation of the '976 Application, the '976 Application is the parent application of the '884 Application, and the '884 Application is the parent of the '281 Application.

39.     The '281 Application was assigned to different examiners, Assistant Examiner Tilahun Gesesse and Primary Examiner Edward F. Urban, than the examiner before whom attorney Gernstein had prosecuted the '884 Application, the '486 Reissue Application, or the '897 Application (Examiner Bost).

40.     During prosecution of the '281 Application, in a Preliminary Amendment received by the PTO on June 21, 1996, attorney Gernstein added claim 16, which stated:

> 16.  A method of making emergency call decisions in a cellular telephone system having a plurality of cell sites at various geographic locations and an MTSO comprising:
>
> A)  in a cellular system, placing a call requesting emergency assistance from a mobile unit;
>
> B)  determining an exact geographic location for the mobile unit requesting emergency assistance;
>
> C)  communicating the exact geographic location to an MTSO; and
>
> D)  sending the exact geographic location of the mobile unit to an emergency service.

This claim was identical to claim 16 in the '884 Application.

41.     In this Preliminary Amendment, attorney Gernstein failed to disclose that the identically-worded claim 16 in the '884 Application had been rejected by Examiner Bost under 35 U.S.C. § 112, first paragraph.  Instead, attorney Gernstein stated that:  "Claim 16 which is directed to the use of geographic location to control emergency calls defines an invention that is neither disclosed nor suggested by the Japanese Document."

42.     Also on June 21, 1996, attorney Gernstein submitted a Preliminary Response in the '281 Application.  This Preliminary Response amended the language of claim 16 as follows:

> 16 (Amended).  A method of making emergency call decisions in a cellular telephone system having a plurality of cell sites at various geographic locations and an MTSO comprising:
>
> A)  using a mobile unit of [in] a cellular system, placing a call requesting emergency assistance via the cellular system [from a mobile unit];

B)  determining an exact geographic location for the mobile unit requesting emergency assistance;

C)  communicating the exact geographic location to an MTSO; and

D)  sending the exact geographic location of the mobile unit to an emergency service.

43.     In this Preliminary Response, attorney Gernstein again failed to disclose that claim 16 in the '884 Application had been rejected by Examiner Bost under 35 U.S.C. § 112, first paragraph.  Instead, attorney Gernstein stated:  "The reference cited in the last Office Action of the parent application, Serial Number 08/555,884, filed on10/23/95 [sic] dated 03/25/96, have been carefully reviewed.  The Office Action rejects claim 16 presented therein as being unpatentable under 35 U.S.C. § 103, with Nasco, Jr. being cited in support of this conclusion."

44.     During prosecution of the '281 Application, attorney Gernstein failed to disclose that claim 16 in the '884 Application had been rejected by a different examiner under 35 U.S.C. § 112, first paragraph.

45.     During prosecution of the '281 Application, attorney Gernstein failed to disclose that claim 12 of the '897 Application had been rejected by another examiner under 35 U.S.C. § 112, first paragraph.

46.     During prosecution of the '281 Application, attorney Gernstein failed to disclose that claim 16 of the '486 Reissue Application had been rejected by another examiner under 35 U.S.C. § 112, first paragraph.

47.     After further amendment, claim 16 of the '281 Application issued as claim 1 of the '611 Patent.  Claim 1 of the '611 Patent claims:

1. A method of making emergency call decisions in a cellular telephone system having a plurality of cell sites at various geographic locations comprising:

A) providing a mobile unit which can be located at various and changeable geographic locations;

B) using the mobile unit to place a call requesting emergency service via a cellular telephone system;

13

C) determining the exact geographic location of the mobile unit placing the call requesting emergency service;

D) storing geographic data associated with the cellular telephone system and which are required to complete the call requesting emergency service;

E) comparing the exact geographic location of the mobile unit placing the call requesting emergency service to the stored geographic data; and

F) automatically routing the mobile unit call requesting emergency service to an emergency service based on the comparison regardless of cell site location.

## Attorney Gernstein's Failure To Disclose The § 112 Rejections By Another Examiner in the Co-Pending Applications Breached His Duty of Candor and Good Faith

48.     Attorney Gernstein owed a duty of candor and good faith to the PTO at all times during prosecution of the '281 Application, which issued as the '611 Patent.

49.     Attorney Gernstein's duty of good faith and candor included a duty to disclose all information known to be material to patentability.  This duty of disclosure included disclosure of adverse decisions in co-pending applications concerning substantially similar claims.

50.     Attorney Gernstein breached his duty of good faith and candor during prosecution of the '611 Patent by failing to disclose that claim 16 of the '884 Application had been rejected by another examiner under 35 U.S.C. § 112, first paragraph.

51.     Attorney Gernstein further breached his duty of good faith and candor during prosecution of the '611 Patent by failing to disclose that claim 16 of the '486 Reissue Application had been rejected another examiner under 35 U.S.C. § 112, first paragraph.

52.     Attorney Gernstein further breached his duty of good faith and candor during prosecution of the '611 Patent by failing to disclose that claim 12 of the '897 Application had been rejected another examiner under 35 U.S.C. § 112, first paragraph.

**Attorney Gernstein's Failure To Disclose The § 112 Rejections by Another Examiner
in the Co-Pending Applications Was Material and Intended to Deceive the PTO**

53.     The PTO's rejections of claim 16 of the '884 Application, claim 16 of the '486

Reissue Application, and claim 12 of the '897 Application under 35 U.S.C. § 112, first

paragraph, were material to the patentability of claim 1 of the '611 Patent.

54.     On information and belief, attorney Gernstein's failure to disclose the rejections of

claim 16 of the '884 Application, claim 16 of the '486 Reissue Application, and claim 12 of the

'897 Application by another examiner under 35 U.S.C. § 112, first paragraph, during prosecution

of the '611 Patent was done with an intent to deceive the PTO so as to induce issuance of claim 1

of the '611 Patent.

55.     Accordingly, the '611 Patent is unenforceable as a result of attorney Gernstein's

inequitable conduct before the PTO.

**Unenforceability of '404, '822, and '763 Patents**

56.     The remaining patents-in-suit—the '404 Patent, the '822 Patent, and the '763

Patent—are also unenforceable under the doctrine of infectious unenforceability.

57.     The '404 Patent issued on November 27, 2001, from U.S. Patent Application

Serial No. 08/848,082 (the "'082 Application"), which was filed with the PTO on March 21,

1996.

58.     The '822 Patent issued on January 25, 2005, from U.S. Patent Application Serial

No. 09/662,613 (the "'613 Application"), which was filed with the PTO on September 15, 2000.

The '613 Application is a continuation of the '082 Application.

59.     The '763 Patent issued on October 30, 2007, from U.S. Patent Application No.

10/993,477 (the "'477 Application"), which was filed with the PTO on November 22, 2004.  The

'477 Application is a divisional of the '613 Application.

60.     As described above, the '611 Patent is unenforceable due to attorney Gernstein's

inequitable conduct before the PTO.

61.     The '404 Patent, the '822 Patent, and the '763 Patent are all related to the '611
Patent.  The '082 Application, which issued as the '404 Patent, is a continuation-in-part of the
'884 Application.  The '884 Application in turn is the parent of the '281 Application, which
issued as the '611 Patent.  The '613 Application, which issued as the '822 Patent, is a continuation
of the '082 Application.  The '477 Application, which issued as the '763 Patent, is a divisional of
the '613 Application.

62.     The '404 Patent, the '822 Patent, and the '763 Patent bear an immediate and
necessary relation to the inequitable conduct committed by attorney Gernstein during
prosecution of the '611 Patent.  During prosecution of the '611 Patent, attorney Gernstein failed
to disclose that another examiner had rejected claims in three co-pending applications regarding
use of a mobile unit's geographic location in making emergency calls and/or providing
emergency services under 35 U.S.C. § 112, first paragraph.  These rejections were material to the
patentability of claim 1 of the '611 Patent.  The '404 Patent, the '822 Patent, and the '763 Patent
also have claims regarding use of a mobile unit's geographic location in making emergency calls
and/or providing emergency services, including but not limited to claim 39 of the '404 Patent,
claims 21 and 31 of the '822 Patent, and claims 20, 25, and 27 of the '763 Patent.

63.     As a result, the '404 Patent, the '822 Patent, and the '763 Patent are unenforceable.

**Eleventh Defense**
**(Indemnification, Offset, and Estoppel)**

64.     In a June 5, 1998 agreement between a principal of plaintiff EMSAT and a
predecessor of AT&T Mobility, EMSAT's principal agreed to indemnify AT&T Mobility's
predecessor from any expense (other than attorneys' fees) associated with the patents-in-suit.
This agreement (a) creates an estoppel which bars Plaintiffs' claims in this case, and (b) creates a
right of indemnification and/or offset with respect to any relief awarded in this case.

**COUNTERCLAIM**

Defendant/counterclaimant AT&T Mobility LLC, formerly known as (f/k/a) Cingular
Wireless, LLC ("AT&T Mobility"), by and through its attorneys, brings the following

counterclaim against plaintiffs/counterdefendants EMSAT Advanced Geo-Location Technology, LLC ("EMSAT") and Location Based Services LLC ("LLC") (collectively, "Plaintiffs"):

## PARTIES

1.      AT&T Mobility is a Delaware limited liability company.  AT&T Mobility's principal place of business is 5565 Glenridge Connector, Atlanta, Georgia 30342.

2.      Upon information and belief, EMSAT is a Nevada limited liability company with a principal place of business in Loveland, Ohio.

3.      Upon information and belief, LBS is a Delaware limited liability company with a principal place of business in Newport Beach, California.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

5.      Plaintiffs are subject to the personal jurisdiction of this Court, including without limitation because they have availed themselves of the protection of this judicial district by bringing the present action against AT&T Mobility here.

6.      The minimum requisites for venue under 28 U.S.C. § 1391 exist in this judicial district, but venue is more properly established in a judicial district that would better serve the convenience of parties and witnesses and the interests of justice.

## COUNT I
### (Declaratory Judgment of Non-Infringement)

7.      AT&T Mobility hereby realleges and incorporates by reference Paragraphs 1 through 6 of its Counterclaim as if set forth fully herein.

8.      In this action, Plaintiffs have asserted that AT&T Mobility has infringed and is contributing to the infringement of, and/or inducing the infringement of one or more claims of U.S. Patent Nos. 5,946,611 ("the '611 Patent"), 6,324,404 ("the '404 Patent"), 6,847,822 ("the '822 Patent"), and 7,289,763 ("the '763 Patent").

9.      AT&T Mobility has not infringed and does not infringe any valid and enforceable claim of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent, either literally or under the doctrine of equivalents.

10.     AT&T Mobility has not induced, and does not now induce, infringement of any valid and enforceable claim of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent, either literally or under the doctrine of equivalents.

11.     AT&T Mobility has not contributorily infringed, nor does it now contributorily infringe, any valid and enforceable claim of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent, either literally or under the doctrine of equivalents.

12.     An actual controversy exists between Plaintiffs and AT&T Mobility regarding infringement of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent.

13.     AT&T Mobility is entitled to a declaratory judgment that it has not and does not directly, contributorily, or by inducement, infringe any valid and enforceable claim of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent.

14.     Upon information and belief, absent a declaration of non-infringement by this Court, Plaintiffs have and will continue to wrongfully assert the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent against AT&T Mobility, thereby causing AT&T Mobility irreparable injury and damage.

## COUNT II
### (Declaratory Judgment of Invalidity)

15.     AT&T Mobility hereby realleges and incorporates by reference Paragraphs 1 through 14 of its Counterclaim as if set forth fully herein.

16.     In this action, Plaintiffs have asserted that AT&T Mobility has infringed and is contributing to the infringement of, and/or inducing the infringement of one or more claims of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent.

18

17.     All claims of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent are invalid for failing to meet one or more of the conditions for patentability, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 120, and/or 132.

18.     An actual controversy exists between Plaintiffs and AT&T Mobility regarding validity of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent.

19.     AT&T Mobility is entitled to a declaratory judgment that the claims of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent are invalid and void.

20.     Upon information and belief, absent a declaration of invalidity by this Court, Plaintiffs have and will continue wrongfully to assert the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent against AT&T Mobility, thereby causing AT&T Mobility irreparable injury and damage.

## PRAYER FOR RELIEF

WHEREFORE, AT&T Mobility prays that the Court grant the following relief in its favor and against EMSAT and LBS:

1.     Dismissal of Plaintiffs' Complaint with prejudice, and declaring that Plaintiffs' shall take nothing by way of its Complaint;

2.     Entry of judgment declaring that the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent are not infringed by AT&T Mobility;

3.     Entry of judgment declaring that the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent are invalid and unenforceable;

4.     Ordering that Plaintiffs, their agents, and all persons acting in concert or participation with them, be enjoined from charging infringement or instituting any further action for infringement of the '611 Patent, the '404 Patent, the '822 Patent, and the '763 Patent against AT&T Mobility;

5.     Determining that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding AT&T its attorneys' fees and expenses incurred in this action;

6.     Awarding AT&T Mobility's costs incurred in this action; and

7.      Such other and further relief as the Court may deem fair and just.

## **JURY DEMAND**

AT&T Mobility hereby demands a trial by jury on all issues so triable pursuant to the

Sixth Amendment of the United States Constitution and Rule 38 of the Federal Rules of Civil

Procedure.

Dated:  September __, 2008.

By: _____
      Charles B. Lyon (0019668)
      clyon@calfee.com
      Virginia Davidson (0025773)
      vdavison@calfee.com
      Nenad Pejic (0066347)
      npejic@calfee.com
      Jennifer B. Wick (0074340)
      jwick@calfee.com
      CALFEE, HALTER & GRISWOLD LLP
      800 Superior Avenue, Suite 1400
      Cleveland, Ohio 44114
      Phone:  (216) 622-8200
      Fax:  (216) 241-0816

      William H. Baumgartner, Jr. (*pro hac vice*)
      wbaumgartner@sidley.com
      Christopher B. Seaman (*pro hac vice*)
      cseaman@sidley.com
      SIDLEY AUSTIN LLP
      1 S. Dearborn Street
      Chicago, Illinois 60603
      Phone:  (312) 853-7000
      Fax:  (312) 853-7036

      *Attorneys for Defendant AT&T Mobility LLC*