**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC )<br>)<br>and )<br>)<br>LOCATION BASED SERVICES LLC, )<br>)<br>      Plaintiffs, )<br>  v. )<br>)<br>)<br>AT&T MOBILITY LLC f/k/a )<br>CINGULAR WIRELESS LLC, )<br>)<br>      Defendant. ) | CASE NO. 4:08 CV 00822<br><br><br><br><br><br>JUDGE JOHN R. ADAMS |

### DEFENDANT AT&T MOBILITY LLC'S MOTION FOR LEAVE TO AMEND ITS ANSWER TO ADD AN ADDITIONAL AFFIRMATIVE DEFENSE

Defendant AT&T Mobility LLC's ("AT&T Mobility") hereby moves for leave to amend its answer to add the following additional text:

**Twelfth Defense
(Estoppel)**

    65.    Some or all of plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel. For example, plaintiffs have maintained that "[p]laintiffs provided notice of U.S. Patent No. 5,946,611 and its application to E911 to at least six different locations of AT&T Wireless Services Inc." via "letters dated August 10, 2001" which were "sent by Thomas W. Humphrey of the law firm of Wood, Herron & Evans, LLP." *Emsat Advanced Geo-Location Technology, LLC's and Location Based Services LLC's Responses to AT&T Mobility LLC's First Set of Interrogatories*, at 8 (Nov. 6, 2008). AT&T Wireless's Vice President and Chief Intellectual Property Counsel Glenn Blumstein responded to these letters on August 24, 2001, but (on defendant's information and belief) plaintiffs did nothing thereafter to pursue the matter until

plaintiffs filed their complaint on March 31, 2008, nearly seven years later. Plaintiffs' silence over this period led AT&T Mobility to believe, reasonably, that plaintiffs had abandoned their claim. Due to its reliance, AT&T Mobility will be materially prejudiced if plaintiffs are allowed to proceed now. These facts create an estoppel barring plaintiffs' claims in this case.

As discovery is still in its early stages, this amendment will not prejudice plaintiffs, who have consented to the amendment. Permitting the amendment would be consistent with the provision of Rule 15(a)(2) that the "Court should freely give leave" to amend pleadings "when justice so requires." Fed.R.Civ.Pr. 15(a)(2). This motion to amend the pleadings is being filed within the deadline established in the case management order.

A copy of the complete amended answer that AT&T Mobility proposes to file is attached hereto.

Dated:  February 2, 2009           By:_____/s/ Jennifer B. Wick_____
                                                                                Charles B. Lyon (0019668)
clyon@calfee.com
Virginia Davidson (0025773)
vdavidson@calfee.com
Nenad Pejic (0066347)
npejic@calfee.com
Jennifer B. Wick (0074340)
jwick@calfee.com
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Suite 1400
Cleveland, Ohio 44114
Phone:  (216) 622-8200
Fax:  (216) 241-0816

William H. Baumgartner, Jr. (*pro hac vice*)
wbaumgartner@sidley.com
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, Illinois 60603
Phone:  (312) 853-7000
Fax:  (312) 853-7036
*Attorneys for Defendant AT&T Mobility LLC*

2

3

## CERTIFICATE OF SERVICE

I certify that on February 2, 2009, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

                                                  */s/ Jennifer B. Wick*
                                                  One of the Attorneys for Defendant
                                                  AT&T Mobility LLC