# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC | ) | CASE NO. 4:08 CV 00822 |
| | ) | |
| and | ) | |
| | ) | |
| LOCATION BASED SERVICES LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT AT&T MOBILITY LLC'S MOTION FOR SUMMARY JUDGMENT

Defendant AT&T Mobility LLC's ("AT&T Mobility") hereby moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on all of the counts of patent infringement asserted against it in the above-captioned action by Plaintiff EMSAT Advanced Geo-Location Technology, LLC ("EMSAT") and Plaintiff Location Based Services LLC ("Location Based Services") (collectively "Plaintiffs").

This is a patent infringement suit involving four related patents. All four patents are owned by EMSAT and exclusively licensed to plaintiff Location Based Services. AT&T Mobility is accused of infringing the four patents. All of the named inventors of the patents-in-suit were associated with Sygnet Wireless, Inc. ("Sygnet Wireless") when the patented inventions were made. Through a series of mergers and acquisitions, what remains of Sygnet

Wireless's business is now operated by affiliates of AT&T Mobility.  Indeed, three of the named inventors on the patents are now employees of a subsidiary of AT&T Mobility.

Sygnet Wireless sold its interests in the patents-in-suit a decade ago.  The buyer of its interests (an affiliate of plaintiff EMSAT) agreed to indemnify Sygnet Wireless for "any and all" "losses," "claims," or "obligations" relating to the patents-in-suit, and also agreed that Sygnet Wireless's rights and obligations under the agreement were freely assignable.  Those indemnity rights have now been properly assigned to AT&T Mobility.

Summary judgment is appropriate where "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  *Fed. R. Civ. Pro. 56(c).*  If Party A agrees to indemnify Party B for "losses," "claims," or "obligations" relating to specified patents, A cannot later sue B for infringement of those same patents.  EMSAT's predecessor entered into such an agreement with AT&T Mobility's predecessor.  The agreement covered the patents-in-suit.  AT&T Mobility now owns the indemnification right.  As a matter of contract, plaintiffs' patent infringement claims against AT&T Mobility are therefore barred.

The points and authorities in support of this motion are more fully set forth in AT&T Mobility's Memorandum in Support of its Motion for Summary Judgment, and the supporting declarations and documents submitted herewith.

Dated:  February 3, 2009 By: */s/ Charles B. Lyon*
 Charles B. Lyon (0019668)
 clyon@calfee.com
 Virginia Davidson (0025773)
 vdavidson@calfee.com
 Nenad Pejic (0066347)
 npejic@calfee.com
 Jennifer B. Wick (0074340)
 jwick@calfee.com
 CALFEE, HALTER & GRISWOLD LLP
 800 Superior Avenue, Suite 1400
 Cleveland, Ohio 44114
 Phone:  (216) 622-8200
 Fax:  (216) 241-0816

 William H. Baumgartner, Jr. (*pro hac vice*)
 wbaumgartner@sidley.com
 SIDLEY AUSTIN LLP
 1 S. Dearborn Street
 Chicago, Illinois 60603
 Phone:  (312) 853-7000
 Fax:  (312) 853-7036

 *Attorneys for Defendant AT&T Mobility LLC*

3

**CERTIFICATE OF SERVICE**

I certify that on February 3, 2009, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

                                    */s/ Charles B. Lyon*  
                                    One of the Attorneys for Defendant  
                                    AT&T Mobility LLC