IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC | ) ) ) | Case No. 4:08 CV 00822 |
| and | ) ) | JUDGE JOHN R. ADAMS |
| LOCATION BASED SERVICES LLC, | ) ) ) | **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR PATENT INFRINGEMENT AND BREACH OF CONTRACT** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, | ) ) ) | |
| Defendant. | ) | |

Pursuant to Rules 15(a) and (d) of the Federal Rules of Civil Procedure, Plaintiffs EMSAT Advanced Geo-Location Technology, LLC ("Emsat") and Location Based Services LLC ("LBS") respectfully move this Court for an Order granting them leave to file the attached First Amended and Supplemental Complaint for Patent Infringement and Breach of Contract, *Instanter*. A Memorandum in Support of this Motion is attached hereto.

                                                Respectfully submitted,

                                                /s/ Michael J. Garvin
                                                Michael J. Garvin (0025394)
                                                R. Eric Gaum (0066573)
                                                Robert J. Diaz (0077232)
                                                HAHN LOESER & PARKS LLP
                                                200 Public Square, Suite 2800
                                                Cleveland, Ohio 44114-2301
                                                Tel: 216-621-0150
                                                Fax: 216-241-2824

                                                Attorneys for Plaintiffs EMSAT Geo-Location
                                                Technology, LLC and Location Based Services
                                                LLC

**MEMORANDUM IN SUPPORT**

## I. INTRODUCTION

Plaintiffs respectfully request that this Court grant them leave to file the attached First Amended and Supplemental Complaint, as a result of filings and contractual assignments that give rise to an additional claim for breach of contract against Defendant, which did not ripen until well after the filing of this lawsuit. Because the contract claim was not available when the Complaint in this case was originally filed and there will be no unfair prejudice or surprise to Defendant, leave to file the attached First Amended and Supplemental Complaint should be granted, *instanter*.

## II. BACKGROUND

This case arises out of Defendant AT&T Mobility LLC f/k/a Cingular Wireless LLC's infringement of patents relating to location-based services and systems for cellular telephones, including U.S. Patent Nos. 5,946,611 ("the '611 Patent"), 6,324,404 ("the '404 Patent"), 6,847,822 ("the '822 Patent") and 7,289,763 ("the '763 Patent") (collectively, the "Dennison Patents"). (*See* First Amended and Supplemental Complaint, ¶¶1-15).

Pursuant to the 1998 Assignment Agreement attached as Exhibit A to the proposed First Amended and Supplemental Complaint, Sygnet Communications, Inc. ("Sygnet") assigned to Sycord Limited Partnership (as "Assignee") all right, title and interest in and to the Dennison Patents, which were included within the definition of "Assigned Assets" under that agreement. (Id., ¶34).

Pursuant to Section 8 of the 1998 Assignment Agreement, each of the Assignors, including Sygnet, further expressly agreed that, "they will not at any time, directly or indirectly,

for their own benefit or for the benefit of any third party, disclose or divulge to any third party, or use for any purpose, any of the Assigned Assets without the prior written consent of the Assignee." (Id., ¶35).

In its Motion for Summary Judgment filed on February 3, 2009, Defendant disclosed that on January 30, 2009, Dobson Cellular Systems, LLC, as the successor to Sygnet under the 1998 Assignment Agreement, had formally transferred all of its rights and obligations under the 1998 Assignment Agreement to Defendant. (Id., ¶36; Defendant's February 3, 2009 Motion for Summary Judgment, p.5). Since that time, pursuant to an Agreement of Assignment of Contract between Sycord and Emsat, Sycord has assigned and transferred to Emsat all of its rights, title, interest, powers, privileges and other benefits under the Assignment Agreement, including without limitation, any and all personal rights, including any and all claims, potential claims and/or choses in action that have accrued under the Assignment Agreement. (*See* First Amended and Supplemental Complaint, ¶37).

As set forth in the attached pleading, Defendant's use of the Assigned Assets, specifically including the claimed inventions of the Dennison Patents, constitutes an ongoing breach of 1998 Assignment Agreement. (Id., ¶38). As a result of Defendant's breach of the 1998 Assignment Agreement, Emsat, as the successor to Sycord's rights under the Assignment Agreement, has been damaged in an amount in excess of $75,000.00 to be determined at trial. (Id., ¶39). Emsat is further entitled to injunctive relief specifically enforcing the 1998 Assignment Agreement and barring Defendant from making any further use of the Assigned Assets, including the claimed inventions of the Dennison Patents. (Id., ¶40).

**II.     LAW AND ARGUMENT**

Plaintiffs are entitled to amend and supplement their Complaint in this case to account for the fact that, since this lawsuit was originally filed, there have been subsequent assignments of rights and obligations under the 1998 Assignment Agreement that give rise to an additional claim for breach of contract against Defendant, based on its infringing activities with respect to the Dennison Patents.  Resolving this claim on its merits, alongside the interrelated patent claims, would promote both fairness and judicial economy.  Furthermore, there will be no prejudice to Defendant, nor any undue delay to these proceedings.

The primary basis for this motion is Federal Rule of Civil Procedure 15(d), which states in pertinent part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

The standard for evaluating a motion to supplement a pleading under Fed.R.Civ.P. 15(d) is essentially the same as the standard for evaluating a motion to amend a pleading filed under Fed.R.Civ.P. 15(a).  *Spies v. Voinovich*, 2002 U.S. App. LEXIS 20908, 48 Fed. App. 520, 527 (6th Cir. 2002) (citing *Glatt v. Chicago Park District*, 87 F.3d 190 (7th Cir. 1996) (same standard applies for both Rule 15(a) and 15(d)).  Thus, under both Rules 15(a) and 15(d), leave to amend or supplement pleadings should be "freely given," as established in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

> futility of amendment, etc. – **the leave should, as the rules require be "freely given**." (emphasis added)

*Foman*, 371 U.S. at 182. The principle that leave to amend pleadings should be freely given is firmly established in the Sixth Circuit, and is based upon the policy in favor of deciding cases on their merits. *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1986).

As set forth above, Defendant has assumed the obligations of Sygnet under the 1998 Assignment Agreement, including its obligations under Section 8 of that agreement, pursuant to which the Assignors expressly agreed that, "they **will not at any time, directly or indirectly,** for their own benefit or for the benefit of any third party, disclose or divulge to any third party, or **use for any purpose, any of the Assigned Assets without the prior written consent of the Assignee.**" (See First Amended and Supplemental Complaint, ¶35, and 1998 Assignment Agreement attached thereto, §8) (emphasis added)). The inventions of the Dennison Patents are within the scope of the Assigned Assets, such that the same conduct of Defendant in using the claimed inventions of the patents without license or authority constitutes both infringement and a breach of the Assignment Agreement. Accordingly, it would promote judicial economy for the breach of contract claim to be litigated on its merits, alongside the patent infringement claims.

For the same reason, there can be no unfair prejudice to Defendant in being required to litigate these interrelated claims together, nor should there by any substantial discovery other than that already required to litigate the infringement claims. Accordingly, leave to file and serve the attached First Amended and Supplemental Complaint should be granted so that all claims may be resolved on their merits.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Leave to File the attached First Amended and Supplemental Complaint.

Respectfully submitted,

/s/Michael J. Garvin
Michael J. Garvin (0025394)
R. Eric Gaum (0066573)
Robert J. Diaz (0077232)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio  44114-2301
Tel:  216-621-0150
Fax:  216-241-2824

Attorneys for Plaintiffs EMSAT Geo-Location Technology, LLC and Location Based Services LLC

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 6, 2009, a copy of the foregoing was filed with the Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                            */s/ Michael J. Garvin*
                                            One of the Attorneys for Plaintiffs
                                            Emsat Advanced Geo-Location Technology,
                                            LLC and Location Based Services LLC