# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC | ) | CASE NO. 4:08 CV 00822 |
| | ) | |
| and | ) | |
| | ) | |
| LOCATION BASED SERVICES LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| | ) | |
| AT&T MOBILITY LLC f/k/a | ) | |
| CINGULAR WIRELESS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE OF AT&T MOBILITY LLC IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR PATENT INFRINGEMENT AND BREACH OF CONTRACT

For two reasons, the Court should deny plaintiffs' motion for leave to amend the Complaint.  First, the deadline for amending pleadings in this case has passed, and plaintiffs were not diligent in pursuing the claim they now wish to add (for breach of contract).  Second, the breach of contract claim is futile.

## ARGUMENT

**I.    THE DEADLINE FOR AMENDING PLEADINGS HAS PASSED, AND THE COURT SHOULD THEREFORE JUDGE THE APPROPRIATENESS OF THE PROPOSED AMENDMENT UNDER THE "GOOD CAUSE" STANDARD OF RULE 16(b)(4), RATHER THAN THE "FREELY GIVE LEAVE" STANDARD OF RULE 15(a)(2).**

The deadline for amending pleadings in this case was February 2, 2009.  *Amended Case Management Plan*, ¶10 (October 31, 2008) (Filing No. 29).  Under Rule 16(b)(4), a scheduling order deadline "may be modified only for good cause."  Fed.R.Civ.Pr. 16(b)(4).  Therefore, in judging the appropriateness of plaintiffs' proposed amendment to the Complaint, the Court cannot simply apply the "freely give leave" standard of Rule 15(a)(2).  Instead, the Court should first consider whether plaintiffs have made "the showing required by Rule 16(b) for modification of a scheduling order."  *Lake Michigan Contractors, Inc. v. The Manitowoc Co.*, 200 U.S. Dist. LEXIS 9547 at *17 (W.D. Mich. May 21, 2002).  Only if plaintiffs surmount that threshold issue does the Court need to consider whether plaintiffs have "satisfied the more liberal standards of Rule 15(a)."  *Id*.  In assessing the Rule 16(b) inquiry for modification of a scheduling order, the key question is whether plaintiffs' "motion for leave to amend" can be characterized "as representing a diligent effort to meet the requirements set forth in the Case Management Order."  *Snay v. Ameriwood Industries*, 2002 U.S. Dist. LEXIS 27188 at *21 (N.D. Ohio Dec. 5, 2002) (denying leave to amend complaint after deadline in Case Management Order because plaintiff was not diligent in pursuing claim that he sought to add).

**II.    PLAINTIFFS HAVE NOT SHOWN DILIGENCE IN PURSUING THEIR BREACH OF CONTRACT CLAIM.**

Plaintiffs make no showing of diligence in their moving papers.  Indeed, they make no reference to the "good cause" requirement of Rule 16(b)(4) which governs motions to amend pleadings in this procedural setting.

A.    **A Claim for Breach of Contract Could Have Been Asserted in the Original Complaint.**

Plaintiffs seek to amend their Complaint to assert a claim for breach of a 1998 contract. However, when the initial Complaint was filed in March 2008, the rights under the 1998 contract were held by Sycord Limited Partnership (the sole and managing member of plaintiff EMSAT Advanced Geo-Location Technology, LLC[1]) and Dobson Cellular Systems, LLC (an affiliate of defendant AT&T Mobility LLC[2]).  Nothing prevented Sycord Limited Partnership, which is an affiliate of plaintiff EMSAT, from joining as a plaintiff in the original Complaint and asserting a claim for breach of contract against Dobson Cellular Systems, LLC, which was widely reported to have been acquired by AT&T in June 2007.  Plaintiffs' moving papers provide no explanation for why no such claim was asserted.

In addition to the widespread publicity about AT&T's acquisition of Dobson, the fact is that plaintiffs should have become aware of the relationship between Dobson and AT&T Mobility in the course of their review of the employment history of Everett Dennison, one of the inventors of the patents-in-suit.  Plaintiffs' counsel represent Mr. Dennison,[3] who now works for a subsidiary of AT&T Mobility,[4] having worked previously at a Dobson affiliate.  When plaintiffs performed their prefiling investigation to satisfy their Rule 11 obligations, they should have become aware of the fact that Dobson (which allegedly owed a contractual obligation to Sycord at the time the Complaint was filed) operated a cell phone business and had been acquired by AT&T Mobility.

---

[1] *Appendix to Brief of AT&T Mobility LLC in Support of Its Motion for Summary Judgment* at A28 (Feb. 3, 2009) (Filing No. 39-2).

[2] *Id*. at A13-14 & 174-75.

[3] *Id*. at A25-26.

[4] A178-79.

**B.      Plaintiffs Have Known About a Possible Breach of Contract Claim Against AT&T Mobility Since At Least March 2009.**

In their March 9, 2009 opposition to AT&T Mobility's summary judgment motion, plaintiffs said that they "intend timely to move the Court for leave to file an amended complaint, including a claim for relief based on Defendant's breach of its assumed agreement not to use the Assigned Assets, which include the patents-in-suit." *Plaintiffs' Memorandum in Opposition to Defendant AT&T Mobility LLC's Motion for Summary Judgment* at 7 n.1 (March 9, 2009) (Filing No. 48). However, plaintiffs then waited nearly two months (until May 6, 2009) to file the present motion. Plaintiffs' moving papers provide no explanation for this delay.

## III.    PLAINTIFFS' PROPOSED AMENDMENT WOULD BE FUTILE.

Even apart from plaintiffs' lack of diligence, their motion for leave to amend the Complaint should be denied on alternative grounds: futility. A court need not grant leave to amend where amendment would be "futile." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of a complaint "is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).

The 1998 contract had a section headed "Confidentiality." In that section, Sygnet Wireless agreed not to "disclose or divulge to a third party" any of the Assigned Assets, unless Sycord Limited Partnership (plaintiff EMSAT's affiliate) agreed in advance to the disclosure.[5] Sygnet Wireless also agreed, in the same provision (indeed, the same ***sentence***) not to "use for any purpose" any "of the Assigned Assets without the prior written consent" of Sycord Limited Partnership.[6] The "Assigned Assets" included the patents-in-suit.[7] Plaintiffs now say that

---

[5] *Id.*, A5, ¶8.
[6] *Id.*, A5, ¶8.

AT&T Mobility has breached the "no use" promise, and that is the basis for the breach of contract claim they wish to add to the Complaint.

However, plaintiffs ignore the context of the "no use" promise. The context was a confidentiality provision that prohibited Sygnet Wireless from revealing the Assigned Assets to others. To the extent that Sygnet Wireless or its successors made an independent invention years later, or purchased independently-developed technology from others, that would hardly breach the "no use" promise.

Indeed, the contract itself was perfectly clear on this point, containing an express reservation of Sygnet Wireless's broad right to employ future inventions and devices that were developed independently of the Assigned Assets. In particular, the contract stated that Sygnet Wireless:

> expressly reserves the right to improve, invent, develop, patent, submit for any application for patent, or other forms of protection, at any time for all past, present, and future inventions and devices, and to enter into any licenses and/or assignments or other transactions *__[note that the contract language employs no comma here]__* that do not arise from, relate to or involve the Assigned Assets.[8]

(A 3, ¶2) Thus, Sygnet Wireless expressly reserved the right to make any and all "future inventions and devices," so long as it did not "use" the Assigned Assets while doing so.

The absence of the indicated comma in the contract language in the block quote is crucial, because it shows that the limitation "that do not arise from, relate to or involve the Assigned Assets" was only a limitation on the immediately preceding language ("and to enter into any licenses and/or assignments or other transactions"). It was not a limitation on the earlier language concerning "future inventions and devices."

Ohio courts look to the placement of such commas as an interpretive tool:

---

[7] *Id.*, A2, ¶1(a)(i) & (d); A3, ¶1(f).
[8] *Id.*, A3, ¶2.

> Under the standard rules of grammar, the effect of a modifying clause on the preceding phrase(s) is generally dependent on the presence or lack of a separating comma.  In this respect, the lack of a comma will, in most instances, involve the application of the principle of statutory construction known as the rule of the last antecedent, which, as the name implies, holds that where one phrase of a statute modifies another, the modifying phrase applies only to the phrase immediately preceding it.  *See, e.g., Indep. Ins. Agents of Ohio v. Fabe*, 63 Ohio St. 3d 310, 314, 587 N.E.2d 814, 817 (1992); *O'Kane v. Apfel*, 224 F.3d 686, 690 (7th Cir. 2000).  By comparison, when a comma is placed between the modifying clause and the phrase(s) immediately preceding it, the general rule of statutory construction holds that the qualifying phrase applies not just to the phrase immediately preceding it, but instead to all of the antecedent[] phrases.

*In re Monro,* 282 B.R. 841, 844 (Bankr. N.D. Ohio 2002).  In the present case, because there is no comma after the word "transactions," the phrase "that do not arise from, relate to or involve the Assigned Assets" only modifies "to enter into any licenses and/or assignments or other transactions."  It does not modify the earlier clause relating to new inventions and devices.

This language in the block quote therefore gave Sygnet Wireless two rights.  It had

- the right "to improve, invent, develop, patent, submit for any application for patent, or other forms of protection, at any time for all past, present, and future inventions and devices," and

- the right "to enter into any licenses and/or assignments or other transactions that do not arise from, relate to or involve the Assigned Assets."

Sygnet Wireless could therefore make new inventions and devices that unintentionally "involved" the Assigned Assets so long as it did not "use" the Assigned Assets while doing so.

In response to AT&T Mobility's summary judgment motion, plaintiffs were unable to point to any evidence that AT&T Mobility had ever used the patents-in-suit or any other

Assigned Asset to develop any of its products and services.  Plaintiffs' new proposed pleading is notably vague on this point, saying simply that:

> Defendant's unauthorized use of the Assigned Assets, without the consent of the Assignee, ***specifically including the claimed inventions of the Dennison Patents***, constitutes an ongoing breach of the 1998 Assignment Agreement.[9]

This seems to equate "use" of the Assigned Assets with patent infringement.  But there is a notable difference between the two:  one can unintentionally infringe a patent claim, simply by developing a product that falls within the scope of the patent claims by sheer coincidence, because "[i]ndependent development does not excuse infringement of a patent owner's right to exclude." *Hilton Davis Chemical Co. v. Warner-Jenkinson Co.*, 62 F.3d 1512, 1520 (Fed. Cir. 1995), *reversed on other grounds, Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997).  However, independent development of new technology (or the purchase of such technology from others) is AT&T Mobility's absolute right under the contract.

The proposed amended complaint does not allege that AT&T Mobility "used" an Assigned Asset to develop one of its products and services, as distinct from developing that product or service independently (or purchasing rights from someone who had done so).  On its face, therefore, the amended complaint does not state a claim for breach of contract.

---

[9] *First Amended Complaint and Supplemental Complaint for Patent Infringement and Breach of Contract* [Proposed], ¶38 (May 6, 2009) (Filing No. 54-2) (emphasis added).

## **CONCLUSION**

Leave to amend should therefore be denied.

Dated:  May 26, 2009

Respectfully submitted,

By:___*/s/ Charles B. Lyon*_____
    Charles B. Lyon (0019668)
    clyon@calfee.com
    Virginia Davidson (0025773)
    vdavidson@calfee.com
    Nenad Pejic (0066347)
    npejic@calfee.com
    Jennifer B. Wick (0074340)
    jwick@calfee.com
    CALFEE, HALTER & GRISWOLD LLP
    800 Superior Avenue, Suite 1400
    Cleveland, Ohio 44114
    Phone:  (216) 622-8200
    Fax:  (216) 241-0816


    William H. Baumgartner, Jr. (*pro hac vice*)
    wbaumgartner@sidley.com
    SIDLEY AUSTIN LLP
    1 S. Dearborn Street
    Chicago, Illinois 60603
    Phone:  (312) 853-7000
    Fax:  (312) 853-7036

    *Attorneys for Defendant AT&T Mobility LLC*

## CERTIFICATE OF SERVICE

I certify that on May 26, 2009, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____*/s/ Charles B. Lyon*_____
One of the Attorneys for Defendant
AT&T Mobility LLC

CH1 4689222v.1